IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TRUSTEES OF THE NATIONAL ELEVATOR PENSION FUND**, *et al.*, | : : : | |
| | : | **CIVIL ACTION** |
| v. | : | **No. 25-1895** |
| | : | |
| **BAYSIDE ELEVATORS LLC d/b/a EASTCOAST ELEVATOR SERVICE**, *et al.* | : : | |

## ORDER

This 29th day of July, 2025, for the reasons set forth in the accompanying memorandum, it is hereby **ORDERED** that Plaintiffs' Motion for Partial Judgment by Default, ECF 9, is **GRANTED**. Judgment is entered as follows:

1) In favor of Plaintiffs Trustees of the National Elevator Industry Pension Fund, National Elevator Industry Health Benefit Fund, National Elevator Industry Educational Fund, Elevator Constructors Annuity and 401(k) Retirement Fund, and Elevator Industry Work Preservation Fund for the total sum of $50,576.97, with post-judgment interest to accrue at the statutory rate, against Defendant Bayside Elevators LLC d/b/a Eastcoast Elevator Service; and

2) That as a fiduciary, as that term is used in the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), with respect to the National Elevator Industry Pension Fund, National Elevator Industry Health Benefit Fund, National Elevator Industry Educational Fund, and Elevator Constructors Annuity and 401(k) Retirement Fund, James Dattilo, III breached his fiduciary duties under ERISA to the employee benefit plans by failing to remit and pay contributions in a timely manner, and is jointly

and severally liable to such Plaintiffs in the amount of $49,526.20, with post-judgment interest to accrue at the statutory rate;

3) That Defendant Bayside Elevators LLC d/b/a Eastcoast Elevator Service is required forthwith to submit all payroll books, records, and other documents sought by the Plaintiffs and to cooperate with the Plaintiffs' designee, the certified public accounting firm on Daniel A. Winters & Co., to complete a payroll compliance review, at the Defendant's expense, for the period of January 1, 2023, through the date the audit can be conducted, within thirty (30) days from the date of this Order;

4) That Defendant Bayside Elevators LLC d/b/a Eastcoast Elevator Service is liable for all amounts owed to the Plaintiffs under the Collective Bargaining Agreement as a result of the audit;

5) That the Clerk of Court shall transmit a copy of this Order to all counsel of record and to the Defendants, and counsel for Plaintiffs shall separately serve Defendants with this Order.

This Order does not constitute an entry of Judgment on Count IV for any monetary amounts or damages that Plaintiffs determine are owed by Defendants based on the findings of the payroll audit, and this Court shall retain jurisdiction to consider any motion for default judgment for said amounts.

  /s/ Gerald Austin McHugh  
United States District Judge